UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY WATLEY,

v.                                   Case No. 3:07-cr-224-J-TEM
                                            3:10-cv-203-J-33TEM

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the court on Anthony Watley's pro se timely-filed 28 U.S.C. § 2255 Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (hereinafter "motion to vacate" or "motion") (Doc. Cv-1, 6; Cr-70).[1]  A review of the record demonstrates that the motion to vacate must be **denied.**

**BACKGROUND**

On March 5, 2010, Watley filed his motion to vacate, but did not file a memorandum in support of the motion. The Court ordered the Government to respond to the motion to vacate on or before May 28, 2010 and allowed Watley 25 days to file a reply to the response. (Doc Cv-7).

On May 25, 2010, Watley filed an amended memorandum in support of his motion to vacate. (Doc. Cv-9). On May 28, 2010, the Government timely responded to Watley's original motion to vacate. (Doc. Cv-10).  The Government also responded to the additional

_____

[1] Watley did not sign the original motion to vacate and the Court returned the document to him for his signature.  He returned the signed motion to vacate on March 25, 2010. (Doc. Cv-6).

grounds raised in the amended memorandum in support of the motion to vacate.

## PROCEDURAL HISTORY

On August 23, 2007, Watley was named in a two-count Indictment charging him with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). (Doc. Cr-1). On November 29, 2007, a Superseding Indictment was returned that included a third count, that is, possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §924(c). (Doc. Cr-23). On December 3, 2007, the United States filed an information to establish prior convictions, (Doc. Cr-27), and the following day Watley proceeded to trial. On December 5, 2007, the jury returned a guilty verdict on all three counts of the Superseding Indictment. (Doc. Cr-46). On March 28, 2008, Watley was sentenced to 30 months incarceration on each of Counts One and Two, these terms to run concurrently, and a 60 month term of incarceration as to Count Three, to run consecutively, for a total of 90 months incarceration. (Doc. Cr-51).

On April 8, 2008, Watley filed a timely notice of appeal. (Doc. Cr-53). In that appeal, he challenged several evidentiary rulings by the trial court, none of which addressed the charged firearms. (See Appellant's brief).[2]  On March 13, 2009, the Eleventh Circuit Court of Appeals affirmed Watley's conviction. (Doc. Cr-64). Subsequently, Watley filed a petition for writ of certiorari in the United States Supreme Court which was denied on October 5,

---

[2] Copies of the Appellant and appellee's briefs are attached to the Government's response to motion to vacate.  In addition, a copy of the Eleventh Circuit's *per curiam* affirmance is attached. (See Doc. cv-10 [Exhibits]).

2009. (See attached Supreme Court docket -- Doc. Cv-10 [Exhibit]).

Watley now challenges that the evidence at trial was insufficient to support his conviction. He asserts that he is "actually innocent" of the offenses of conviction. However, because Watley did not raise this issue on appeal, he is procedurally barred from doing so in this motion to vacate.  Watley's amended memorandum in support of his motion does not establish the requisite cause and prejudice to allow further review of the claims Watley raises.

**DISCUSSION**

**PROCEDURAL BAR**

In his pending section 2255 motion, Watley attacks the sufficiency of the evidence at trial (actual innocence) and court error alleging failure to require the Government to prove the elements of the charged offenses beyond a reasonable doubt. He also claims that the Court erred in denying the defense's motion for acquittal. These issues were not raised on direct appeal. He challenges the jury's verdict, but in his initial motion, he fails to state any cause for failing to raise these claims at the proper time.

It is clearly settled that collateral review is not a substitute for direct appeal, and even an error that may justify reversal on direct appeal may not support collateral relief. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Claims not raised previously, at trial and/or on direct appeal, although previously available, are barred by procedural default absent a showing of cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Procedural default for failure to raise a claim prior to criminal judgment or on direct appeal

is waived if not raised. *Shukwit v. United States*, 973 F.2d 903, 904 (11th Cir. 1992); *United States v. Jordan,* 915 F.2d at 629. The Government satisfies its burden to raise the procedural default bar by recounting the procedural history, identifying claims that appear for the first time in the motion to vacate, and alleging that the defendant has abused the procedure. *See Burger v. Zant*, 984 F.2d 1129, 1132 (11th Cir. 1993).

Once the Government has satisfied its burden to raise procedural default, the burden shifts to the defendant, who must show that the failure to include the new claim in the prior federal proceeding cannot be attributed to intentional abandonment or inexcusable neglect. *Burger v. Zant*, 984 F.2d at 1132; *Johnson v. Dugger*, 911 F.2d 440, 478 (11th Cir. 1990). A defendant can show that his failure to include the new claim in a prior proceeding should be excused by showing cause for his failure to raise the claim, as well as prejudice from the errors which form the basis of his complaint. *McClesky v. Zant*, 499 U.S. 467, 494 (1991). If the defendant establishes cause and actual prejudice, his claim is not barred. *Id.* at 477.

As stated in the procedural history recounted above, on March 24, 2010, Watley filed an "amended" memorandum of law in support of his motion, alleging ineffective assistance of counsel as "cause" for his failure to timely argue sufficiency of the evidence, and specifically faulting counsel for (1) failure to successfully argue that Watley was denied his right to confront and cross-examine the confidential informant; and (2) failure to successfully argue that Watley was "actually innocent" of his firearms conviction under 18 U.S.C. §924(c). Watley's current arguments are simply a reconstitution of arguments previously made, or are in direct contradiction with the strategy employed at trial. As shown below, Watley has not established that, but for counsel's performance, the jury would have

4

found him actually innocent of the charged offenses.

## MERITS

Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on only four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979). Watley seeks review of his conviction, claiming that he was denied his Sixth Amendment right to effective assistance of counsel.

### Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective

5

standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

## Specific Claims of Ineffective Assistance of Counsel

Aside from the procedurally barred arguments addressed above, Watley also specifically claims that counsel was constitutionally ineffective for (1) failing to ensure that the Government produced its confidential informant for cross-examination; and (2) for failing to argue that the Government failed to prove the elements relating to the firearms charge, so that, as a result, Watley was "actually innocent" of using or carrying a firearm in furtherance of a drug trafficking offense.

### A. Testimony of Confidential Informant.

Watley faults counsel for failing to effectively require the Government to produce its confidential informant at trial, to satisfy Watley's Sixth Amendment right to cross-examination. (Amended Memorandum at Ground (4)).  Watley's claim is merely a recitation of the Sixth Amendment issue raised during the trial and on direct appeal. Specifically, as illustrated by the *per curiam* opinion of the appellate court, the issue of the confidential informant's identity was vehemently pursued by counsel. (See Appellant's brief at 21-28; attached opinion at 5, "II. Disclosing the CI's Identity"). The reviewing court concluded that, "after carefully reviewing the parties' briefs and the record," there was no error in refusing to disclose the CI's identity, and "it appears that the CI's testimony would have hurt, not helped, Watley's defense." (Id. at 7).

This issue was raised at trial and was thoroughly reviewed and rejected on direct appeal. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a 28 U.S.C. § 2255 proceeding. *David v. United States*, 417 U.S. 333, (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Watley has established no extraordinary circumstances that would justify this Court's reconsideration

of the issue through the guise of ineffective assistance of counsel.

### B. Failure to Prove Elements of 18 U.S.C. § 924(c).

Watley also complains that counsel was ineffective for failing to require the Government to prove that he used or carried a firearm in furtherance of a drug trafficking crime, rendering him actually innocent of those convictions. (Amended Memorandum at Ground (5)). The strategy employed at trial was to demonstrate to the jury that Watley was actually innocent of all charges in the Indictment; that is, that he was not the person who sold crack cocaine to the confidential informant. Watley did not dispute that at the time of the offense, he was at the home of a "thrice convicted felon," who lived at the home with her four children, and who often entertained friends and family at that home. (See Appellant's brief at 3). His trial strategy was that the drugs and the firearms found pursuant to a search warrant at that home did not belong to Watley, and there was no direct proof that they did. (See, e.g., Sentencing Transcript [attached to Doc. 10] at 13).

Courts give great deference to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1995). Thus, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *see also Baxter v. Thomas*, 45 F.3d 1501, 1513 (11th Cir. 1995).

At sentencing, Watley himself addressed the Court, reiterating his innocence. (Id. at 28-31, 33). This strategy was continued on direct appeal, and inherent in that defense is that the firearm was not used, carried or possessed during and in relation to a drug trafficking crime committed by Watley. Watley cannot show that the outcome of the trial

would have been different if the defense pursued an alternative argument. Because counsel "doggedly" pursued Watley's innocence before a jury, at sentencing, and on direct appeal, and because Watley offers no new argument that should have been made by counsel, he can show no cause or resulting prejudice.

None of Watley's claims warrant 28 U.S.C. § 2255 relief.

**Accordingly, the Court orders**:

That Watley's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence (Doc. Cv-1, 6; Cr-70) is denied.  The Clerk is directed to enter judgment against Watley and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further, *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled

to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 10, 2010.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Frank Merrill Talbot, II
Anthony Watley